UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80259-CIV-MARRA

LEE KIMMEL, and LORRAINE KIMMEL,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint. (DE 10). Plaintiffs responded. (DE 13). Defendant replied. (DE 18). The Court has considered the briefs of the parties and is advised in the premises.

### **I. Background**[1]

On September 22, 2009, Plaintiff Lee Kimmel ("Lee") underwent an elective surgical procedure for removal of bladder stones at the Veterans Administration Medical Center. (DE 1 ¶ 9) ("Complaint"). That day, a Foley catheter was inserted into Plaintiff's bladder and remained there until medical personnel removed it on September 25, 2009. (Complaint ¶ 10). Once the catheter was removed, Lee immediately complained to the medical staff that he suffered a deformity of his penis and genitourinary tract. (Complaint ¶ 11). Lee continues to complain of these effects to the medical personnel at the VA Medical Center, and he has been treated for the effects at other healthcare facilities. (Complaint ¶¶ 12–13).

Before filing suit in federal court, Plaintiff submitted to Defendant a standard form 95 ("SF-95"), "the standard form used to file a claim against the government under the [Federal Tort Claims

---

[1] The Court accepts all of Plaintiffs' allegations as true in determining whether they have stated a claim for which relief can be granted. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*].[2] *Dalrymple v. United States*, 460 F.3d 1318, 1322 n.3 (11th Cir. 2006). The SF-95, dated March, 15, 2011, lists Lee and Lorraine as "claimants" in box 2. (DE 10, Attach. 1).[3] The basis of the "claim" (box 8) is described as follows:

> On or about 9/22/2009, the claimant underwent a Holmium Laser Lithotripsy for removal of bladder stones at the West Palm Beach VAMC. The claimant was discharged with a foley catheter in place. The foley catheter was removed on or about 9/25/2009. The claimant has had a permanent deformity and disfigurement of his penis and genitourinary tract since that time. The claimant contends these injuries were the result of negligence and/or improper medical treatment.

Box 10 of the SF-95, which calls for a statement of the facts and circumstances surrounding the alleged injury, provides that "[a]s a result of the above referenced disfigurement and injuries the claimant had suffered and will continue to suffer in the future pain, genitourinary dysfunction, and interference with marital relations." In box 12, the amount of the "claim" is listed as $1,500,000.00. Lee signed the SF-95; Lorraine did not. Lorraine has not filed a separate claim form regarding her claim.

Plaintiffs filed their complaint in this Court on March 8, 2012 alleging violations of the FTCA. (DE 1). Specifically, Lee alleges that the United States of America and the VA, through its agents and employees at the VA Medical Center, breached a duty of care to him by failing to appropriately perform the September 22, 2009 procedure; failing to appropriately use the machinery and mechanisms involved in the procedure; failing to prevent undue trauma to his penis and

---

[2] Section 2675(a) of Title 28 of the United States Code provides, in pertinent part, that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

[3] While the SF-95 is attached to Defendant's motion to dismiss and not to Plaintiffs' complaint, "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). The SF-95 is undisputed in terms of authenticity and is central to Lorraine's claim as it relates to whether she exhausted her administrative remedies for purposes of the Court's subject matter jurisdiction.

genitourinary tract at the time of the procedure; failing to appropriately treat or recognize postoperative swelling and complications leading to the deformity; failing to refer him to an appropriate specialist once a diagnosis of penile deformity was made; negligently failing to seek additional medical and surgical care for him once the condition of penile pain, discomfort, and dysfunction first manifested itself; failing to place the catheter correctly; negligently removing the catheter; and failing to otherwise act as reasonable and prudent healthcare providers in a similar circumstance. (Complaint ¶ 15). Lorraine brings a separate claim for loss of consortium. (Complaint ¶¶ 17–20).

The Defendant United States of America moves to dismiss Lorraine's claim under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over it. Specifically, Defendant argues that dismissal is required under Rule 12(b)(1) because Lorraine failed to exhaust her administrative remedies by not submitting a separate SF-95. In light of this failure to exhaust, Defendant continues, the dismissal must be with prejudice because Lorraine's claim is now barred by the relevant statute of limitations.

Plaintiffs respond by arguing that Lorraine sufficiently fulfilled all jurisdictional prerequisites to filing suit based on the face of the SF-95 they submitted. For the reasons that follow, the Court agrees with Plaintiffs. Defendant's motion to dismiss is accordingly denied.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III. Analysis

"The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims." *Dalrymple*, 460 F.3d at 1324. As set forth by the Eleventh Circuit:

> A plaintiff bringing a claim against the United States under the FTCA must first present the claim to the appropriate federal agency and wait for the agency to finally deny it. An agency's failure to dispose of a claim within six months is deemed to be a final denial. *See* 28 U.S.C. § 2675(a). A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements. To satisfy section 2675(a), a claimant must do two things: (1) give the appropriate agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place a value on his or her claim.
>
> Congress had a dual purpose in enacting section 2675(a): to encourage prompt settlement of claims and to ensure fairness to FTCA litigants. The Senate reported that the law was intended to provide for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government. It further stated that the administrative claim requirement, by giving agencies an opportunity to settle suits before litigation commenced, would ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States. Congress, therefore, enacted section 2675(a) not to place procedural hurdles before potential litigants, but to facilitate early disposition of claims. *See, e.g.*, *Lopez v. United States*, 758 F.2d 806, 809 (1st Cir. 1985) ("[I]ndividuals wishing to sue the government must comply with the details of [section 2675], but . . . the law was not intended to put up a barrier of technicalities to defeat their claims."). We keep section 2675(a)'s underlying purpose in mind when considering the amount of information it requires from a potential litigant. We have held that a claimant must give an administrative agency only enough

> information to allow the agency to begin its own investigation of the alleged events and explore the possibility of settlement. We do not require the claimant to provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery, or every factual detail that might be relevant. In short, the amount of information required is minimal.

*Burchfield v. United States*, 168 F.3d 1252, 1254–55 (11th Cir. 1999) (citations and quotations omitted).

Here, Plaintiffs' SF-95 satisfies the jurisdictional prerequisite of filing a proper claim for both Lee and Lorraine. Lorraine was listed as a claimant on the form, and box 10 of the form stated that "[a]s a result of [Lee's] disfigurement and injuries the claimant had suffered and will continue to suffer in the future pain, genitourinary dysfunction, and *interference with marital relations.*" (emphasis added). While "one spouse may not presume that his or her own independent claim is automatically raised or implied in the administrative claim of the other spouse," *Cruz v. United States*, No. 8:12–cv–1382-T-23MAP, 2013 WL 950757, at *1 (M.D. Fla. Mar. 12, 2013) (citations omitted), and while there is support for the proposition that "identifying a claimant's spouse in the administrative papers—without more—fails to preserve the spouse's claim," *id.*, here the SF-95 identified Lorraine as a claimant *and* referenced an interference with marital relations brought on by Lee's alleged injuries. No case cited by Defendant supports the notion that a consortium spouse's mere failure to submit a separate SF-95 renders the consortium claim moot where a single SF-95 satisfies the jurisdictional prerequisite of filing a proper claim for both spouses. *See Emery v. United States*, 920 F. Supp. 788, 791 (W.D. Mich. 1996) (collecting cases and holding that a spouse is not required to file a separate administrative claim form from her spouse's when filing a loss of consortium claim); *see also Casey v. United States*, 635 F. Supp. 221, 225–26 (D. Mass. 1986) (collecting cases and noting in dicta that listing a spouse on the claim form sufficiently complies with the required administrative prerequisites to state a loss-of-consortium claim).

Moreover, under the FTCA, "determination of claims and damages is governed by the law of the state in which the wrongful act occurred." *Walker v. United States*, 471 F. Supp. 38, 42 (M.D. Fla. 1978) (citations omitted). Here the alleged wrongful acts occurred in Florida, and under Florida

law "loss of consortium is a separate cause of action belonging to the spouse of the injured married partner, and though derivative in the sense of being occasioned by injury to the spouse, it is a direct injury to the spouse who has lost the consortium." *Orange Cnty. v. Piper*, 523 So. 2d 196, 198 (Fla. Dist. Ct. App. 1988). Thus, the SF-95's reference to an "interference with marital relations"—which the Court construes as an allegation of loss of consortium—should have put the VA on notice that Lorraine was raising that claim because Lorraine was the only person in the position to raise a separate loss-of-consortium cause of action. *See Burchfield*, 168 F.3d at 1255 ("An administrative agency is deemed to be on notice not only of the theories of recovery stated in the claim, but of the theories of recovery that its reasonable investigation of the specific allegations of the claim should reveal.").

Defendants finally argue that Plaintiffs' reference to a single sum certain defeats Lorraine's suggestion that she has fulfilled the jurisdictional prerequisites. While the FTCA undoubtedly requires that "*each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government," the Eleventh Circuit has taken "a somewhat lenient approach to the sum certain requirement," *id*. at 1325 (quoting *Tidd v. United States*, 786 F.2d 1565, 1567 n.6 (11th Cir. 1986)). Consistent with this approach, the Court concludes that the $1,500,000.00 figure sufficiently put the VA on notice of the nature of Plaintiffs' claims and provided adequate grounds for meaningful settlement negotiations. Moreover, since Lorraine's claim is derivative of Lee's claim, and since the United States has rejected Lee's primary claim, there can be no prejudice to the United States stemming from Lorraine's failure to quantify specifically the amount of her claim.

### IV. Conclusion

Plaintiffs have given the VA notice of their claims sufficient to enable the VA to investigate and placed a value on those claims. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint (DE 10) is **DENIED**. Plaintiffs' Motion for

Oral Argument (DE 14) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of April, 2013.

_____
KENNETH A. MARRA
United States District Judge